IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOARD OF EDUCATION OF THORNTON )
TOWNSHIP HIGH SCHOOL DISTRICT 205 )
et al., )
)
Plaintiffs, )
) Civil Action No.: 06 C 2005
v. )
) Suzanne B. Conlon, Judge
BOARD OF EDUCATION OF ARGO )
COMMUNITY HIGH SCHOOL DISTRICT )
217 et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Two high school districts in Thornton, Illinois, together with 16 parents and students from the districts,[1] sued 13 suburban Chicago high school districts[2] for racial discrimination. Defendants answered the second amended complaint interposing seven amended affirmative defenses. Plaintiffs now move to strike each amended affirmative defense. For the reasons set forth below, the motion is granted in part and denied in part.

---

[1] Plaintiffs are Board of Education of Thornton Township High School District 205, Board of Education of Thornton Fractional High School District 215, Billye Blue, Denise Snelling, Jeanita Eaves, Keyetta Jenkins, David Frazier, Constance Stanley (by her parent Nicole Young), Darren Rogers II, Ike and Angela Riley, Jerry T. and Jacques Jones, Margery Hanson, Darrell Pope, Jr., Ryan Maxie, Michael Akinpelu, and Shea Kapovich.

[2] Defendants are Board of Education of Argo Community High School District 217, Board of Education of Bradley Bourbonnais Community High School District 307, Board of Education of Bremen High School District 228, Board of Education of Community High School District 218, Board of Education of Consolidated High School District 230, Board of Education of Homewood Flossmoor Community High School District 233, Board of Education of Joliet Township High School District 204, Board of Education of Lincoln-Way Community High School District 210, Board of Education of Lockport Township High School District 205, Board of Education of Oak Lawn Community High School District 229, Board of Education of Reavis High School District 220, Board of Education of Valley View Community Unit School District 365U, and Board of Education of Evergreen Park Community High School District 231.

## BACKGROUND

This case arises out of defendants' withdrawal from the South Inter-Conference Association. The association, founded in 1972, organized extracurricular activities for high school students in the south and southwest Chicago suburbs. Second Am. Compl. at ¶¶ 6-7. Prior to defendants' withdrawal, the association served students from 33 high schools in 19 school districts, including the party districts. *Id.* While the student populations were predominantly African American in plaintiff districts, and predominantly white in defendant districts, the party districts' joint participation made the association racially diverse. *Id.* at ¶¶ 2, 19-49. In December 2004, defendants withdrew from the association, and divided themselves into two new conferences. *Id.* at ¶¶ 9-10. Alleging the withdrawal resulted in three racially segregated conferences, plaintiffs brought this case under 42 U.S.C. §§ 1983, 1985, the Illinois Civil Rights Act of 2003, 740 ILL. COMP. STAT. 23/5 *et seq.*, and common law civil conspiracy. *Id.* at ¶¶ 10-11, 50-60. Plaintiffs seek injunctive relief and attorneys' fees.

In their amended answer, defendants deny all material allegations, and allege plaintiffs agreed to dissolve the association on December 8, 2004. *See* Am. Answer at 6-7. Defendants do not provide any details of the alleged agreement or any subsequent events. Nor do they allege any other facts concerning their withdrawal from the association. They interpose seven amended affirmative defenses:

1. All or some of [p]laintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

2. All or some of [p]laintiffs' claims may be barred, in whole or in part, by their failure to exhaust all administrative remedies by not pursuing the administrative relief available to them through the Cook County Human Rights Commission, the Illinois Department of Human Rights and the Illinois State Board of Education or any other state or federal administrative body.

2

3. To the extent that [p]laintiffs seek equitable relief, their claims may be barred in whole or in part by the doctrines of release, waiver, unclean hands, misrepresentation, and/or laches related to the [p]laintiff [s]chool [d]istricts' voluntary vote to dissolve [the association] and create new athletic conferences governing the parties.

4. Defendants' actions in dissolving [the association] and creating new athletic conferences were [taken] in good faith and they did not intentionally or willfully discriminate against [p]laintiffs in violation of any federal law or [c]onstitutional provision.

5. [The two conferences formed by defendants] are racially diverse with regard to student-athletes and non-athletic extracurricular activities and therefore the formation of these conferences does not violate federal or state law.

6. Plaintiffs are estopped from asserting all or some of their claims for injunctive relief on the basis of the [s]chool [d]istricts' voluntary agreement and affirmative votes to dissolve [the association].

7. Plaintiffs do not have standing to seek relief for any school district or individual not a party to the lawsuit.

*Id.* at 22-23. Plaintiffs move to strike each amended affirmative defense.

## DISCUSSION

### I. Legal Standard

Courts generally disfavor motions to strike affirmative defenses. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir.1991). The court will grant a motion to strike only if the movant demonstrates the affirmative defenses in question are "patently defective and could not succeed under any circumstances." *Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *4 (N.D. Ill. Feb. 22, 2006) (Darrah, J.); *see also Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 999 (N.D. Ill. 2001) (Bucklo, J.) ("[the movant bears] the burden of showing that [defendant] could not prevail on its affirmative defense under any set of facts"). In determining whether to strike an affirmative defense, the court applies a three-prong test: (1) whether the matter is properly pleaded

as an affirmative defense; (2) whether it is pleaded in compliance with Fed. R. Civ. P. 8 and 9; and (3) whether it sufficiently states a claim under Fed. R. Civ. P. 12(b)(6). *Weber Shandwick Worldwide v. Reid*, No. 05 C 0709, 2005 WL 1651030, at *2 (N.D. Ill. May 12, 2005) (Conlon, J.) (citing cases).

Under this test, an affirmative defense must set forth a "short [and] plain statement of the claim showing that the pleader is entitled to relief." *Id.* It must also include either direct or inferential allegations that, viewed as true, establish all material elements of the defense. *Id.* An affirmative defense cannot withstand a motion to strike if it sketches only "bare bones conclusory allegations." *Id.* Nor can it survive by simply naming a legal theory without connecting the theory to the case. *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (Alesia, J.).

## II. First Amended Affirmative Defense -- Statute of Limitations

Consistent with Fed. R. Civ. P. 8(c), defendants plead an affirmative defense based on statute of limitations. While plaintiffs allege defendants' withdrawal took place in December 2004, it is unclear how far back the alleged conspiracy may extend. In their motion to strike, plaintiffs do not identify the limitations periods for their claims. Nor do they explain why defendants may not raise a statute of limitations defense. They cite two cases for support, but neither involves a statute of limitations defense. *See Am. Top English v. Lexicon Mktg. (USA), Inc.*, No. 03 C 7201, 2004 WL 2271838, at *10 (N.D. Ill. Oct. 4, 2004) (Conlon, J.); *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1230-31 (N.D. Ill. 1996) (Coar, J.). Because plaintiffs fail to show defendants cannot prevail based on statute of limitations grounds, their motion to strike must be denied with respect to defendants' first amended affirmative defense.

## III. Second Amended Affirmative Defense – Exhaustion of Administrative Remedies

Plaintiffs correctly argue that because they need not exhaust administrative remedies before filing this case, defendants lack legal basis for their second amended affirmative defense. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 507 (1982) ("exhaustion of state administrative remedies is not a prerequisite to an action under § 1983"). In response, defendants argue that this defense meets the notice pleading standard. They also argue they may develop this defense through discovery. But even given the benefit of the doubt, they fail to provide any legal basis that exhaustion of administrative remedies has any bearing on this case. Under *Patsy*, they have no defense, as a matter of law, based on failure to exhaust administrative remedies. *Patsy*, 457 U.S. at 507. Accordingly, their second amended affirmative defense must be stricken.

## IV. Third and Sixth Amended Affirmative Defenses

In their third and sixth amended affirmative defenses, defendants string together six legal theories: release, waiver, laches, unclean hands, misrepresentation, and estoppel. According to defendants, plaintiffs are subject to these defenses because they agreed to dissolve the association at a meeting on December 8, 2004. Am. Answer at 6-7. Plaintiffs move to strike these defenses, and their arguments are addressed in turn.

### A. Release, Waiver, and Laches

Plaintiffs correctly state that to plead an affirmative defense based on release or waiver, defendants must allege plaintiffs voluntarily relinquished their claims through an agreement. *See Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 990 (N.D. Ill. 1983) (Shadur, J.) ("release is a contract by which one person abandons claims against another"). Plaintiffs argue defendants fail to plead a valid agreement. This argument ignores defendants' allegation that on December 8, 2004, plaintiffs agreed to dissolve the

5

association. Viewed in the light most favorable to defendants, the allegation could support an inference that a voluntary relinquishment or intentional waiver existed. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *4 (N.D. Ill. Mar. 31, 2003) (Guzman, J.) (an allegation of an agreement defeats a motion to strike an affirmative defense based on waiver). Because this allegation puts plaintiffs on notice, defendants sufficiently plead an affirmative defenses based on release and waiver. *Id.*

Plaintiffs also argue defendants fail to allege any facts to support an affirmative defense based on laches. Defendants do not allege plaintiffs were dilatory in bringing this case. Nor do they claim any prejudice resulting from delay. Because defendants fail to provide any basis for an inference of plaintiffs' unreasonable delay, their affirmative defense based on laches must be stricken. *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569-70 (N.D. Ill. 1999) (Aspen, C.J.) (striking a "bare bones" laches defense)

### B. Unclean Hands, Misrepresentation, and Estoppel

Plaintiffs correctly argue that affirmative defenses based on unclean hands, misrepresentation, and estoppel are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *See, e.g., Siemens Credit Corp. v. Steve Kakos, D.D.S., Ltd.*, No. 94 C 5365, 1995 WL 29618, at *11 (N.D. Ill. Jan. 24, 1995) (Conlon, J.) (striking an affirmative defense based on misrepresentation because defendant "fails to allege the time, dates, or places of the material misrepresentations"). Defendants do not respond to this argument. Instead, they argue plaintiffs have sufficient notice of these defenses. Defendants' argument lacks merit. An affirmative defense based on unclean hands, misrepresentation, or estoppel requires defendants to allege plaintiffs "acted in a way that constitutes fraud, misconduct or bad faith." *Weber Shandwick*, 2005 WL 1651030, at **5-6. Nowhere in the amended answer do defendants suggest plaintiffs committed fraud. For this

6

reason alone, defendants' argument must fail. *Id.* at *2. Moreover, absent even a conclusory allegation of fraud, defendants fail to plead fraud with particularity. *Id.* Accordingly, defendants' affirmative defenses based on unclean hands, misrepresentation, and estoppel must be stricken.

V.     **Fourth Amended Affirmative Defense – Good Faith**

Plaintiffs argue defendants cannot interpose an affirmative defense based on good faith. This argument contradicts *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980), holding good faith is a valid affirmative defense in a § 1983 action. *See also Chavis v. Rowe*, 643 F.2d 1281, 1288 (7th Cir. 1981) ("this court has treated the question of good faith as an affirmative defense . . . in a § 1983 action"). Accordingly, plaintiffs' motion must be denied with respect to defendants' fourth amended affirmative defense.

VI.    **Fifth Amended Affirmative Defense – Racial Diversity**

Plaintiffs argue defendants may not plead an affirmative defense based on an allegation that they formed racially diverse conferences. As defendants concede, whether their new conferences are racially diverse is probative of their alleged discriminatory intent, which is in dispute. A defense based on a factual dispute is not an affirmative defense. *See Instituto Nacional*, 576 F. Supp. at 988 ("an affirmative defense is an *admission* of the facts alleged in the complaint") (emphasis in original). Moreover, the burden to prove discriminatory intent falls upon plaintiffs. *See Williams v. Seniff*, 342 F.3d 774, 788 n.13 (7th Cir. 2003) ("[§ 1983 claims] require ultimately proof of discriminatory intent"). "[A] defense is an affirmative defense [only if defendants bear] the burden of proof." *Brunswick Leasing Corp. v. Wis. Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir.1998). Because defendants have no burden to prove their conferences are racially diverse, they may not label a factual argument as an affirmative defense. Accordingly, their fifth amended affirmative defense must be stricken.

7

## VII. Seventh Affirmative Defense – Standing

Plaintiffs move to strike as unnecessary clutter defendants' seventh amended affirmative defense, which asserts plaintiffs lack "standing to seek relief for any school district or individual not a party to the lawsuit." Am. Answer at 23. Without any legal support, defendants respond that they should be permitted to preserve a standing defense because the scope of injunctive relief sought by plaintiffs is unclear. Defendants' failure to provide legal support for their argument is hardly surprising: "standing is jurisdictional and may be raised at any time by the parties [or by the court]." *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). Because "lack of standing is not an affirmative defense," defendants' seventh amended affirmative defense must be stricken. *E.g.*, *Ocean Atl.*, 2003 WL 1720073, at *4; *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 247996, at *5 (N.D. Ill. Apr. 24, 1995) (Nordberg, J.) (same).

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to strike defendants' amended affirmative defenses is granted in part and denied in part. Defendants' second, fifth, sixth, and seventh amended affirmative defenses are stricken. Defendants' third amended affirmative defense is stricken with respect to the allegations of unclean hands, misrepresentation, and laches.

ENTER:

Suzanne B. Conlon
United States District Judge

August 21, 2006